```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CARLOS LEON-MARTINEZ, Himself       :
and on behalf of all others
similarly situated, et al.          :

                 Plaintiffs,        :    15 Civ. 7942 (HBP)

     -against-                      :    OPINION AND
                                         ORDER OF DISMISSAL
CENTRAL CAFÉ & DELI, Jointly        :
and severally, et al.,
                                    :
                 Defendants.
                                    :
-----------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/16

PITMAN, United States Magistrate Judge:

I have conducted a preliminary review of the proposed settlement agreement in this matter and two issues require a further submission from the parties.

First, given the relatively modest size of the settlement fund in comparison to the plaintiffs' claims, I shall need some specifics concerning the defendants' assets, such as a statement of assets and liabilities and whether defendants have any current sources of income. A defendant's financial condition may justify the deep discounting of a claim, but facts are required to justify the discount.

Second, the release language is overly broad. Paragraph 2 appears to provide that the settlement resolves all

claims or potential claims plaintiffs may have against the defendants. This language effectively makes the settlement agreement a general release. In addition, it is unclear what claims are released by Paragraph 7. Among other things, Paragraph 7 purports to release "all claims referred to of identified in various correspondence to an between he parties leading up to [the Settlement Agreement]." What this cross reference reaches is undefined. Numerous judges in this Circuit have condemned the insertion of general or broad releases into FLSA settlement agreements. <u>Johnson v. Equity Leasing Fin. II, Inc.</u>, 16 Civ. 1454 (WHP), 2016 WL 6493157 at *1 (S.D.N.Y. Oct. 4, 2016) (Pauley, D.J.); <u>Lopez v. 41-06 Bell Blvd. Bakery LLC</u>, No. 15-CV-6953 (SJ)(PK), 2016 WL 6156199 at *2 (E.D.N.Y. Oct. 3, 2016), <u>report and recommendation adopted</u>, No. 15 CV 6953 (SJ)(PK), 2016 WL 6208481 (E.D.N.Y. Oct. 21, 2016); <u>Chamoro v. 293 3rd Café, Inc.</u>, 16 Civ. 339 (PAE), 2016 WL 5719799 at *2 (S.D.N.Y. Sept. 30, 2016) (Engelmayer, D.J.); <u>Batres v. Valente Landscaping Inc.</u>, 14-CV-1434 (SIL), 2016 WL 4991595 at *3 (E.D.N.Y. Sept. 15, 2016); <u>Velazquez v. P.J.C.M. Rest. Corp.</u>, 15 Civ. 3602 (WHP), 2016 WL 4987156 at *2 (S.D.N.Y. Sept. 15, 2016) (Pauley, D.J.); <u>Weng v. T&W Rest., Inc.</u>, 15 Civ. 8167 (PAE)(BCM), 2016 WL 3566849 at *1 (S.D.N.Y. June 22, 2016) (Moses, M.J.); <u>Lopez v. Ploy Dee, Inc.</u>, 15 Civ. 647 (AJN), 2016 WL 1626631 at *3

(S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.).  The settlement should more clearly and narrowly define what is being released.

I shall await the parties' further submission in this matter.

Dated:  New York, New York
        December 19, 2016

SO ORDERED

*/s/ Henry Pitman*
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel

3