USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/13/17

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------X

CARLOS LEON-MARTINEZ, Himself :
and on behalf of all others
similarly situated, et al., :

                 15 Civ. 7942 (HBP)

          Plaintiffs, :

                 OPINION
  -against- : AND ORDER

CENTRAL CAFÉ & DELI, Jointly :
and severally, et al.,
                                 :
         Defendants.
                                 :
-----------------------------------X

       PITMAN, United States Magistrate Judge:

       This matter is before me on the parties' joint application to approve the parties' settlement (Letter from Thomas J. Lamadrid, Esq., to the undersigned, dated Mar. 29, 2017 (Docket Item ("D.I.") 37) ("Lamadrid Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

       This is an action brought by four individuals who were formerly employed by defendants as restaurant workers and seeks allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought under the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York Labor Law (the "NYLL"). Plaintiffs also assert claims based on defen-

dants' alleged failure to maintain certain payroll records and to provide certain notices as required by the Wage Theft Prevention Act (the "WTPA"). Although the action was commenced as a collective action with respect to the FLSA claim, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action. Thus, the only parties to the settlement are the named plaintiffs and the named defendants.

Defendants deny plaintiffs' allegations. Defendants claim that they maintained weekly payroll reports for each plaintiff that showed the number of hours plaintiffs worked each week, their earnings for the first forty hours worked at the employees' regular rate, their earnings for overtime worked at the employees' overtime rate, spread-of-hours pay, deductions for meals, additions for uniforms and bonus/adjustment entries. Defendants also claim that plaintiffs signed most of their weekly payroll reports.

I held a lengthy settlement conference on May 31, 2016 that was attended by the parties and their counsel. There was a protracted discussion of the strengths and weaknesses of the parties' respective positions; however, the parties were not able to come to a settlement at the conference. Rather, the parties agreed to resolve the dispute in August 2016 for a total settlement amount of $18,000.00, to be distributed among the plaintiffs
2

based on the duration of each plaintiff's employment with defendants. The parties have also agreed that $642.44 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $5,785.85 (or one-third) of the remaining $17,357.56 will be paid to plaintiffs' counsel and that the balance will be paid to plaintiffs. The length of employment of each plaintiff, the amount claimed by each plaintiff[1] and the net amount that will be received by each plaintiff after deduction for legal fees and costs are as follows:

| Plaintiff | Length of Employment | Amount Claimed | Net Settlement Amount |
|---|---|---|---|
| Fernando Meza Ramos | 6 years | $104,970.00 | $3,967.44 |
| Carlos Leon-Martinez | 6 years | $101,506.00 | $3,967.44 |
| Victor Bautista Sanchez | 4 years | $55,070.00 | $2,644.96 |
| Jose Antonio Lopez | 1.5 years | $75,153.00 | $991.86 |

I previously refused to approve the settlement agreement (Amended Order, dated Dec. 21, 2016 (D.I. 36)). First, given the relatively modest size of the settlement fund in comparison to plaintiffs' claims, I ordered specific information concerning defendants' assets. Second, the settlement had an overly broad release, and it was unclear what claims were being

---

[1]The amount claimed by each plaintiff includes the allegedly unpaid wages, liquidated damages and statutory damages for alleged violations of the WTPA.

3

released. I ordered the parties to more clearly and narrowly define what was being released.

The parties have submitted a renewed application to approve their settlement. In accordance with my previous Order, counsel provided evidence of defendants' dire financial condition (Letter from Jian Hang, Esq., to the undersigned, dated Mar. 29, 2017 (D.I. 38), Ex. A). Counsel has also revised the release so that plaintiffs are releasing only those claims arising under the FLSA, NYLL, WTPA, New York Code Rules and Regulations and claims for unpaid minimum, regular and overtime wages and for notice and recordkeeping penalties. However, upon further review of the proposed settlement, several significant problems remain.

First, the unexplained disproportionate allocation of the settlement proceeds is not acceptable. The parties have allocated the settlement funds based on the length of each plaintiff's employment rather than the amount of damages each plaintiff claims. As a result, Lopez would receive a smaller settlement than Sanchez, even though Lopez claims greater damages than Sanchez. Additionally, while Sanchez receives 4.8% of his claimed damages, Ramos receives 3.8% of his damages, Leon-Martinez receives 3.9% and Lopez only receives 1.3%. I cannot approve the settlement without a rational explanation for the allocation of the settlement proceeds.

4

Second, the settlement agreement contains a provision prohibiting plaintiffs from assisting in a lawsuit or proceeding against defendants. Specifically, it provides that plaintiffs "shall not hereafter directly or indirectly . . . assist . . . in any lawsuit, charge, claim or proceeding, in any forum . . . against Defendants arising out of or relating to any allegation or claim that Plaintiff has brought in the Action, unless directed by court order or subpoena" (Lamadrid Letter, Ex. 1 ¶ 3). Such a provision in an FLSA settlement is contrary to the remedial purposes of the statute. See Zapata v. Bedoya, No. 14-CV-4114 (SIL), 2016 WL 4991594 at *2 (E.D.N.Y. Sept. 13, 2016); Lopez v. Ploy Dee, Inc., 15 Civ. 647 (AJN), 2016 WL 1626631 at *3 (S.D.N.Y. Apr. 21, 2016) (Nathan, D.J.); Alvarez v. Michael Anthony George Constr. Corp., No. 11 CV 1012 (DRH)(AKT), 2015 WL 3646663 at *1 (E.D.N.Y. June 10, 2015); Lopez v. Nights of Cabiria, LLC, 96 F. Supp. 3d 170, 178 (S.D.N.Y. 2015) (Kaplan, D.J.).

Third, the settlement agreement bars plaintiffs from ever working for defendants or their parents, subsidiaries, affiliates, successors, assigns or divisions (Lamadrid Letter, Ex. 1 ¶ 6). A provision limiting plaintiffs' employment opportunities is not acceptable. Baikin v. Leader Sheet Metal, Inc., 16 Civ. 8194 (ER), 2017 WL 1025991 at *1 (S.D.N.Y. Mar. 13, 2017)

5

(Ramos, D.J.).  Such a provision is in direct conflict with the FLSA's "primary remedial purpose:  to prevent abuses by unscrupulous employers, and remedy the disparate bargaining power between employers and employees."  Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199, 207 (2d Cir. 2015), cert. denied, 136 S. Ct. 824 (2016).

Accordingly, within 30 days of the date of this Order, the parties are to provide a revised settlement agreement that eliminates the foregoing issues and a rational explanation for the allocation of the settlement proceeds.

Dated:  New York, New York
        April 13, 2017

SO ORDERED

_____
HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record