```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------X
CARLOS LEON-MARTINEZ, Himself         :
and on behalf of all others
similarly situated, et al.,           :
                                                15 Civ. 7942 (HBP)
                    Plaintiffs,       :
                                                OPINION
     -against-                        :         AND ORDER

CENTRAL CAFÉ & DELI, Jointly          :
and severally, et al.,
                                      :
                    Defendants.
                                      :
-------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5/22/2017

PITMAN, United States Magistrate Judge:

This matter is before me on the parties' joint application to approve their settlement (Letter from Thomas J. Lamadrid, Esq., to the undersigned, dated Mar. 29, 2017 (Docket Item ("D.I.") 37); Letter from Thomas J. Lamadrid, Esq., to the undersigned, dated May 12, 2017 (D.I. 40) ("Lamadrid May 12 Letter")). All parties have consented to my exercising plenary jurisdiction pursuant to 28 U.S.C. § 636(c).

This is an action brought by four individuals who were formerly employed by defendants as restaurant workers and seeks allegedly unpaid wages, overtime premium pay and spread-of-hours pay. The action is brought pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. §§ 201 et seq., and the New York

Labor Law. Plaintiffs also assert claims based on defendants' alleged failure to maintain certain payroll records and to provide certain notices as required by the Wage Theft Prevention Act (the "WTPA"). Although the action was commenced as a collective action with respect to the FLSA claim, the parties reached the proposed settlement prior to the matter being conditionally certified as a collective action. Thus, the only parties to the settlement are the named plaintiffs and the named defendants.

Defendants deny plaintiffs' allegations. Defendants claim that they maintained weekly payroll reports for all plaintiffs, except Lopez, that show the number of hours plaintiffs worked each week, their earnings for the first forty hours worked at the employees' regular rate, their earnings for overtime worked at the employees' overtime rate, spread-of-hours pay, deductions for meals, additions for uniforms and bonus/adjustment entries. Defendants also claim that plaintiffs signed most of their weekly payroll reports.

I held a lengthy settlement conference on May 31, 2016 that was attended by the parties and their counsel. There was a protracted discussion of the strengths and weaknesses of the parties' respective positions; however, the parties were not able to come to a settlement at the conference. The parties did agree to resolve the dispute in August 2016 for a total settlement

amount of $18,000.00, to be distributed among the plaintiffs on a pro rata basis based on the duration of each plaintiff's employment with defendants. The parties have also agreed that $642.44 of the settlement figure will be allocated to reimburse plaintiffs' counsel for their out-of-pocket costs, $5,785.85 (or one-third) of the remaining $17,357.56 will be paid to plaintiffs' counsel and the balance will be paid to plaintiffs. Each plaintiff's length of employment, the amount claimed by each plaintiff[1] and the net amount that will be received by each plaintiff after deduction for legal fees and costs are as follows:

| Plaintiff | Length of Employment | Amount Claimed | Net Settlement Amount |
|---|---|---|---|
| Fernando Meza Ramos | 6 years | $104,970.00 | $3,967.44 |
| Carlos Leon-Martinez | 6 years | $101,506.00 | $3,967.44 |
| Victor Bautista Sanchez | 4 years | $55,070.00 | $2,644.96 |
| Jose Antonio Lopez | 1.5 years | $75,153.00 | $991.86 |

By Opinion and Order dated April 13, 2017, I declined to approve the settlement agreement (D.I. 39).[2] First, because

---

[1] The amount claimed by each plaintiff includes the allegedly unpaid wages, liquidated damages and statutory damages for alleged violations of the WTPA.

[2] I also refused to approve the agreement on December 21, 2016 (Amended Order, dated Dec. 21, 2016 (D.I. 36)).

3

the settlement proceeds were allocated based on the length of each plaintiff's employment rather than the amount of damages each plaintiff claimed, the allocation of the settlement proceeds seemed irrational.  Second, the settlement agreement contained provisions prohibiting plaintiffs from assisting in a lawsuit or other proceeding against defendants and barring plaintiffs from ever working for defendants or their parents, subsidiaries, affiliates, successors, assigns or divisions.  I ordered the parties to eliminate these provisions from their settlement agreement.

The parties have submitted a renewed application to approve an amended settlement agreement.  In accordance with my previous Opinion and Order, counsel has now provided a rational explanation for the allocation of the settlement proceeds.  Counsel has explained that the settlement proceeds will not be distributed on the basis of each plaintiff's claimed damages because counsel's damages calculation took place prior to discovery and, therefore, may not have been accurate.  Thus, all parties agreed that the settlement proceeds would be distributed on a pro rata basis based on the length of each plaintiff's employment (Lamadrid May 12 Letter, at 1).  Counsel has also stipulated to the elimination of the objectionable provisions identified above.

4

> Court approval of an FLSA settlement is appropriate
>
> "when [the settlement] [is] reached as a result of contested litigation to resolve bona fide disputes." Johnson v. Brennan, No. 10 Civ. 4712, 2011 WL 4357376, at *12 (S.D.N.Y. Sept. 16, 2011). "If the proposed settlement reflects a reasonable compromise over contested issues, the court should approve the settlement." Id. (citing Lynn's Food Stores, Inc. v. United States, 679 F.2d 1350, 1353 n.8 (11th Cir. 1982)).

Agudelo v. E & D LLC, 12 Civ. 960 (HB), 2013 WL 1401887 at *1 (S.D.N.Y. Apr. 4, 2013) (Baer, D.J.) (alterations in original). "Generally, there is a strong presumption in favor of finding a settlement fair, [because] the Court is generally not in as good a position as the parties to determine the reasonableness of an FLSA settlement." Lliguichuzhca v. Cinema 60, LLC, 948 F. Supp. 2d 362, 365 (S.D.N.Y. 2013) (Gorenstein, M.J.) (internal quotation marks omitted). "Typically, courts regard the adversarial nature of a litigated FLSA case to be an adequate indicator of the fairness of the settlement." Beckman v. KeyBank, N.A., 293 F.R.D. 467, 476 (S.D.N.Y. 2013) (Ellis, M.J.), citing Lynn's Food Stores, Inc. v. United States, supra, 679 F.2d at 1353-54.

In Wolinsky v. Scholastic Inc., 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012), the Honorable Jesse M. Furman, United States District Judge, identified five factors that are relevant to an assessment of the fairness of an FLSA settlement:

> In determining whether [a] proposed [FLSA] settlement is fair and reasonable, a court should consider

> the totality of circumstances, including but not limited to the following factors: (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; and (5) the possibility of fraud or collusion.

(Internal quotation marks omitted). The settlement here satisfies these criteria.

First, although the settlement represents less than 15% of each plaintiff's total claimed damages, that fact does not render it deficient. Plaintiffs' counsel has explained that these damages were calculated prior to discovery and, therefore, may not have been accurate. Additionally, defendants' dire financial condition justifies the settlement amount. The corporate defendants do not have any assets, and defendant Chu has a monthly net disposable income of only $650.00 (Letter from Jian Hang, Esq., to the undersigned, dated Mar. 29, 2017 (D.I. 38), Ex. A).

Second, the settlement will entirely avoid the burden, expense and aggravation of litigation. Plaintiffs dispute the accuracy of defendants' time records. Trial preparation would probably require several depositions to explore these issues, and

the settlement avoids the necessity of conducting those depositions.

Third, the settlement will enable plaintiffs to avoid the risk of litigation. As noted above, defendants claim that they maintained weekly payroll reports for each plaintiff, except Lopez, that showed the number of hours plaintiffs worked each week, their earnings for the first forty hours worked at the employees' regular rate, their earnings for overtime worked at the employees' overtime rate, spread-of-hours pay, deductions for meals, additions for uniforms and bonus/adjustment entries. Additionally, defendants claim that plaintiffs signed most of these reports. Thus, whether plaintiffs would recover at trial is far from certain. See Bodon v. Domino's Pizza, LLC, No. 09-CV-2941 (SLT), 2015 WL 588656 at *6 (E.D.N.Y. Jan. 16, 2015) (Report & Recommendation) ("[T]he question [in assessing the fairness of a class action settlement] is not whether the settlement represents the highest recovery possible . . . but whether it represents a reasonable one in light of the many uncertainties the class faces . . . ." (internal quotation marks omitted)), adopted sub nom. by, Bodon v. Domino's Pizza, Inc., 2015 WL 588680 (E.D.N.Y. Feb. 11, 2015); Massiah v. MetroPlus Health Plan, Inc., No. 11-cv-05669 (BMC), 2012 WL 5874655 at *5 (E.D.N.-Y. Nov. 20, 2012) ("[W]hen a settlement assures immediate payment of substantial amounts to class members, even if it means sacri-

7

ficing speculative payment of a hypothetically larger amount years down the road, settlement is reasonable . . . ." (internal quotation marks omitted; assessing fairness of class action settlement)).

Fourth, I am confident that the settlement amounts are reasonable based on their being agreed to by plaintiffs' counsel. Plaintiffs' counsel was exceptionally well prepared at the settlement conference and was fully familiar with the claims and the pertinent legal and factual issues. Given the exceptional diligence and zeal with which plaintiffs' counsel represented their clients, I am confident that the settlements are fair.

Fifth, there are no factors here that suggest the existence of fraud or collusion.

The settlement agreement also provides that, after deduction of out-of-pocket costs, one-third of the total settlement amount will be paid to plaintiffs' counsel as a contingency fee. Contingency fees of one-third in FLSA cases are routinely approved in this circuit. Santos v. EL Tepeyac Butcher Shop Inc., 15 Civ. 814 (RA), 2015 WL 9077172 at *3 (S.D.N.Y. Dec. 15, 2015) (Abrams, D.J.) ("[C]ourts in this District have declined to award more than one third of the net settlement amount as attorney's fees except in extraordinary circumstances."), citing Zhang v. Lin Kumo Japanese Rest. Inc., 13 Civ. 6667 (PAE), 2015 WL

8

5122530 at *4 (S.D.N.Y. Aug. 31, 2015) (Engelmayer, D.J.) and Thornhill v. CVS Pharm., Inc., 13 Civ. 507 (JMF), 2014 WL 1100135 at *3 (S.D.N.Y. Mar. 20, 2014) (Furman, D.J.); Rangel v. 639 Grand St. Meat & Produce Corp., No. 13 CV 3234 (LB), 2013 WL 5308277 at *1 (E.D.N.Y. Sept. 19, 2013) (approving attorneys' fees of one-third of FLSA settlement amount, plus costs, pursuant to plaintiff's retainer agreement, and noting that such a fee arrangement "is routinely approved by courts in this Circuit"); Febus v. Guardian First Funding Grp., LLC, 870 F. Supp. 2d 337, 340 (S.D.N.Y. 2012) (Stein, D.J.) ("[A] fee that is one-third of the fund is typical" in FLSA cases); accord Calle v. Elite Specialty Coatings Plus, Inc., No. 13-CV-6126 (NGG)(VMS), 2014 WL 6621081 at *3 (E.D.N.Y. Nov. 21, 2014); Palacio v. E*TRADE Fin. Corp., 10 Civ. 4030 (LAP)(DCF), 2012 WL 2384419 at *6-*7 (S.D.N.-Y. June 22, 2012) (Freeman, M.J.).

Accordingly, for all the foregoing reasons, I approve the settlement in this matter.  In light of the settlement, the

action is dismissed with prejudice and without costs.  The Clerk of the Court is respectfully requested to mark this matter closed.

Dated:  New York, New York
        May 22, 2017

SO ORDERED

HENRY PITMAN
United States Magistrate Judge

Copies transmitted to:

All Counsel of Record